IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Aleeya Pereida, Individually and on Behalf of Others Similarly Situated,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 5:23-cv-1327 |
| Tanya Benavides, Efren Antonio Moreno II, and Blush Brunch LLC,<br>    Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Tanya Benavides ("Benavides") and her husband Efren Antonio Moreno II ("Moreno") and their company Blush Brunch LLC, operate a restaurant in San Antonio called Blush Cocktails and Eats ("Blush"). The Defendants have a business plan that includes paying non-exempt waitstaff and bartenders at a sub-minimum wage rate and then illegally taking a percentage of their tips for their own. Plaintiff Aleeya Pereida is one of the individuals hired by Defendants as a tipped worker. Pereida brings this lawsuit against Defendants to recover her improperly taken tips and to recover the minimum wage to which she is entitled under the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff and Her Co-Workers' Claims

1. Benavides and Moreno are owners of Blush Brunch LLC.

2. Blush Brunch LLC operates Blush Cocktails and Eats ("Blush").

3. Blush hires individuals to work as servers, waitstaff, and bartenders and pays them an hourly wage below the federal minimum wage of $7.25.

4. Pereida is one of the individuals hired by Defendants to work as a server. Pereida was paid an hourly wage below $7.25 per hour for her work and also received tips from Blush.

5. Pereida did not receive all of the tips that customers paid her.

6. Portions of the tips that customers left for Pereida were paid to Blush managerial personnel or were kept by Defendants.

7. Federal law specifically prohibits an employer from retaining any of its employees' tips and from paying any tips paid by customers to managerial personnel.

8. An employer is only allowed to pay sub-minimum wages by meeting the requirements of taking the "tip credit" under the FLSA. The FLSA has specific rules that must be followed in order to qualify for a tip credit. These requirements include proper notice to employees, that tipped employees receive all tips paid to them by customers, and that the employer keeps accurate records that show that tipped workers received at least $7.25 per hour in wages.

9. Defendants did not give Pereida or her co-workers the notice required under the FLSA to pay tipped workers less than the federal minimum wage.

10. Defendants did not allow Pereida and her co-workers to keep all of their tips.

11. Defendants did not keep the records required under the FLSA's regulations regarding hours worked and pay received.

12. Benavides is an owner and member of Blush.

13. Benavides has the power to hire and fire Blush employees.

14. Benavides is a person who controls the manner in which Blush employees and workers are paid.

15. Benavides is a person who determined that Blush would not pay all of Plaintiff's tips to Plaintiff.

16. Benavides is an "employer" as that term is defined under the FLSA and is individually liable for the damages owed to Plaintiff and her coworkers.

17. Moreno is an owner, member, and manager of Blush.

18. Moreno has the power to hire and fire Blush employees.

14. Moreno is a person who controls the manner in which Blush employees and workers are paid.

19. Moreno is a also a person who determined that Blush would not pay all of Plaintiff's tips to Plaintiff.

20. Moreno is an "employer" as that term is defined under the FLSA and is individually liable for the damages owed to Plaintiff and her coworkers.

**Allegations Regarding FLSA Coverage**

21. Defendants are covered by and subject to the overtime requirements of the FLSA.

22. During the time that Pereida worked at Blush, all Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

23. During the time that Pereida worked at Blush, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

24. During the time that Pereida worked at Blush, Defendants conducted sufficient

business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

25. During the time that Pereida worked at Blush, Defendants' employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

### Plaintiff's Claims

26. Defendants were legally required to pay Plaintiff and her co-workers ("Similarly Situated Workers") all of the tips that customers paid to them. Instead, Defendants improperly and illegally paid portions of the tips to individuals who were not entitled to receive tips and/or kept a portion of tips for the benefit of the business instead of paying them to the employees who earned them.

27. Defendants were legally required to give Plaintiff and her co-workers the notice set forth in the FLSA tip credit regulations. Defendants did not do so.

28. Defendants were legally required to keep records of the hours worked and pay received (including tips) by Plaintiff and her co-workers. Defendants did not do so.

29. Defendant was legally required to keep track of the hours worked by Plaintiff and her co-workers in order to have the right to pay them a sub-minimum wage. Defendant did not do so.

30. Benavides and Moreno were Plaintiff's employers while she worked at Blush and are thus jointly and severally liable for the damages that Plaintiff seeks in this lawsuit.

**Cause of Action**

**Violation of the FLSA – Failure to Pay All Tips to Tipped Workers**

31. Defendants violated the FLSA by not paying Plaintiff all of the tips that customers left her.

32. Defendants violated the FLSA by not giving Plaintiff the FLSA's required tip credit notice.

33. Defendants violated the FLSA by not keeping an accurate record of the pay that Plaintiff received.

34. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

35. Defendants are liable to Plaintiff for the wrongfully taken tips, liquidated damages in an amount equal to the stolen tips, attorney's fees and costs of Court under the FLSA. In addition, by stealing her tips, failing to give proper notice of the tip credit, failing to keep accurate records of pay, Defendants have forfeited their right to use the tip credit with regard to Plaintiff and her coworkers.  As a result, Defendants owe Plaintiff and the other Similarly Situated workers the difference between the federal minimum wage and the wage paid to them for each hour that they worked as well as liquidated damages in an amount equal to the minimum wage differential, attorney's fees, and costs of court.

**Collective Action Allegations**

36. The Defendants' failure to pay their waitstaff as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers.  This generally applicable policy is prohibited by the FLSA.  Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

37. The Similarly Situated Workers to whom notice should be sent are properly

defined as:

> **All individuals working for Defendant Blush Brunch LLC ("Blush") as waitstaff and bartenders who were employed/engaged as tipped workers during the two-year period preceding the filing of this Complaint.**

38. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## Defendants, Jurisdiction, and Venue

39. Defendant Tanya Benavides is an individual who resides and does business in Bexar, Texas. Benavides may be served with process at her residence address of 411 Cactus Street, San Antonio, Texas 78203, or wherever she may be found.

40. Defendant Efren Antonio Moreno II is an individual who resides and does business in Bexar, Texas. Moreno may be served with process at his residence address of 411 Cactus Street, San Antonio, Texas 78203, or wherever he may be found.

42. Defendant Blush Brunch LLC is a Texas limited liability company whose registered agent Efren Antonio Moreno II may be served with process at his residence address of 411 Cactus Street, San Antonio, Texas 78203, or wherever he may be found.

43. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants do business and are based within this judicial district.

## Demand for Jury

44. Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff and all workers similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons who worked for Blush Brunch LLC as waitstaff and/or bartenders and who received tips during the two-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid tips and minimum wages at the applicable rates;
3. An equal amount to the tip and minimum wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF ALEEYA PEREIDA**

**OF COUNSEL:**

**WELMAKER LAW, PLLC**
**Douglas B. Welmaker**
**State Bar No. 00788641**
**409 N. Fredonia, Suite 118**
**Longview, Texas 75601**
**Phone: (512) 799-2048**
**Email: doug@welmakerlaw.com**