IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEEYA PEREIDA, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILARLY SITUATED, § § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No.: 5:23-cv-1327 |
| § § | |
| TANYA BENAVIDES, EFREN ANTONIO MORENO II, AND BLUSH BRUNCH LLC, § § § § | |
| Defendants. | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Tanya Benavides ("Benavides"), Efren Antonio Moreno II ("Moreno"), and Blush Brunch, LLC ("Blush" or "Defendants") files its Original Answer to Plaintiff's Original Complaint. Defendant acknowledges Plaintiff (or "Pereida") purports to bring an action under the Fair Labor Standards Act ("FLSA") but denies liability. Defendants deny all allegations not expressly admitted herein and further answer as follows:

### Allegations Related to Plaintiff and Her Co-Workers' Claims

1. Defendants deny the allegations in paragraph 1 of Plaintiff's Original Complaint.

2. Defendants admit Blush Brunch, LLC operates a restaurant as "Blush" and that the phrase "Cocktails and Eats" appears as part of Blush's logo.

3. Defendants admit Blush hires individuals to work as servers, waitstaff, and bartenders. Blush and Moreno admit that, consistent with federal law, Blush takes a tip credit for certain tipped employees. Blush and Moreno deny that any employees receive less than the federal minimum

wage of $7.25 when tips are included. Defendants deny all remaining allegations in paragraph 3 of Plaintiff's Original Complaint.

4. Blush and Moreno admit that Pereida was employed by Blush as a server from the period of April 16, 2023 through July 29, 2023. Blush and Moreno admit Blush Brunch claimed at a tip of $4.25/hour and that Pereida received tips from customers, such that her hourly rate of pay always exceeded the federal minimum wage. Moreno avers that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore, denies the same. Defendants deny all remaining allegations in paragraph 4 of Plaintiff's Original Complaint.

5. The allegations in paragraph 5 of Plaintiff's Original Complaint are denied.

6. Moreno avers that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies the same. Blush and Moreno deny the allegations in paragraph 6 of Plaintiff's Original Complaint.

7. Paragraph 7 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 7.

8. Paragraph 8 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 8.

9. The allegations in paragraph 9 of Plaintiff's Original Complaint are denied.

10. Blush and Moreno admit Pereida participated in a tip pool in that she contributed a portion of her tips to the bartenders, support staff, and hostess. Moreno avers that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies the same. Defendants deny all remaining allegations in Paragraph 10 of Plaintiff's Original Complaint.

11. The allegations in paragraph 11 of Plaintiff's Original Complaint are denied.

12. The allegations in paragraph 12 of Plaintiff's Original Complaint are denied.

13. The allegations in paragraph 13 of Plaintiff's Original Complaint are denied.

14. The allegations in paragraph 14 of Plaintiff's Original Complaint are denied.

15. The allegations in paragraph 15 of Plaintiff's Original Complaint are denied.

16. The allegations in paragraph 16 of Plaintiff's Original Complaint are denied.

17. Defendants admit that Moreno is the Manager of Blush Brunch, LLC. The remaining allegations in paragraph 17 are denied.

18. Defendants admit that Moreno has the power to hire and fire Blush employees.

19. Defendants admit that Moreno is a person who controls the manner in which Blush employees and workers are paid. The remaining allegations in the mis-labeled paragraph 14 are denied.

20. The allegations in paragraph 19 of Plaintiff's Original Complaint are denied.

21. Paragraph 20 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 20.

## Allegations Regarding FLSA Coverage

22. Paragraph 21 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 21.

23. Blush admits it was engaged in interstate commerce through the purchase of materials in commerce or conducting transactions through commerce during the period of Plaintiff's employment. Defendants deny the remaining allegations contained in paragraph 22.

24. Defendants admit that during the time that Pereida worked at Blush, Blush Brunch, LLC owned and operated Blush and Moreno served as Blush Brunch, LLC's Manager. Defendants

admit Blush Brunch, LLC was engaged in commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Defendants deny the remaining allegations in paragraph 23 of Plaintiff's Original Complaint.

25. Defendants deny that Blush's business exceeded $500,000 in gross sales during Plaintiff's employment, but admit that Blush exceeded $500,000 of annual gross volume of sales for 2023.

26. Defendants admit that during the time that Pereida worked at Blush, Blush employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce. Defendants deny the remaining allegations in paragraph 26 of Plaintiff's Original Complaint.

### Plaintiff's Claims

27. Paragraph 26 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 26.

28. Paragraph 27 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 27.

29. Paragraph 28 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 28.

30. Paragraph 29 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 29.

31. Paragraph 30 purports to state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 30.

### Cause of Action

### Violation of the FLSA – Failure to Pay All Tips to Tipped Workers

32. Defendants deny the allegations in paragraph 31 of Plaintiff's Original Complaint.

33. Defendants deny the allegations in paragraph 32 of Plaintiff's Original Complaint.

34. Defendants deny the allegations in paragraph 33 of Plaintiff's Original Complaint.

35. Defendants deny the allegations in paragraph 34 of Plaintiff's Original Complaint.

36. Defendants deny the allegations in paragraph 35 of Plaintiff's Original Complaint.

## Collective Action Allegations

37. Defendants deny the allegations in paragraph 36 of Plaintiff's Original Complaint.

38. Defendants deny the allegations in paragraph 37 of Plaintiff's Original Complaint. Defendant also deny the proposed notice would be appropriate to similarly situated employees as Blush has not even been in operation for two years.

39. Defendants deny Plaintiff is entitled to relief requested in paragraph 38 of Plaintiff's Original Complaint.

## Defendants, Jurisdiction, and Venue

40. Admit Benavides is an individual living in San Antonio who may be served through her counsel of record.

41. Admit Moreno is an individual living in San Antonio who may be served through his counsel of record.

42. Admit Blush Brunch, LLC is a Texas limited liability company operating in San Antonio, which may be served through its counsel of record.

43. Admit.

## Demand for Jury

44. No answer is required to Plaintiff's demand for a jury.

45. Defendants deny Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief.

**Affirmative Defenses**

1.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has been paid and/or received all compensation due to her. At or prior to Plaintiff's hiring, Plaintiff was told Blush would claim a $4.25/hour tip credit and that Plaintiff would receive a minimum of $7.25/hour with the inclusion of tips. Blush regularly advertises open positions for employment, which display the rate of pay for the position of server. Plaintiff's counsel has been provided all of Plaintiff's payroll documents during her employment, which show Plaintiff never received less than $7.25/hour during her employment. Plaintiff's claim that she received less than $7.25/hour with the inclusion of tips is without merit.

2.      Blush employees are onboarded through an application called Homebase. Plaintiff was required to download and access the application as a condition of her employment. Upon information and belief, through Homebase, Plaintiff's rate of pay of $3.00/hour was displayed and, during every server shift worked, Plaintiff could see the total pay, exclusive of tips, she had received for the shift worked. Plaintiff's claim that she lacked notice of the tip credit is without merit.

3.      Plaintiff participated in a tip pool to which, on a nightly basis, a percentage of her alcohol, beer, and wine sales was contributed to the bartenders who were tip-eligible. The bartender tip pool was distributed solely to bartenders working on the same day. Plaintiff also participated in a tip pool to which, on a nightly basis, a percentage of her sales was contributed to the support staff, barbacks, and hostess. The support staff tip pool was distributed based on the tip-eligible employees who worked on the same day. Defendants have produced all the tip sheets for Plaintiff's dates of employment to her counsel of record; these records evidence that no manager participated

in the bartender tip pool or the support staff tip pool. Plaintiff's claims that managers or Defendants shared in her tips is without merit.

4. Defendant Benavides operates Blush's social media and marketing. Defendant Benavides is not involved in the day-to-day operations of Blush. Defendant Benavides does not have the authority to hire or fire employees and does not set any employee's rate of pay.

5. Blush Brunch and Moreno at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe their actions did not violate the FLSA, and pursuant to 29 U.S.C. §§ 259 and 260, Defendants asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

6. Plaintiff's claims are barred, in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with employees' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. Defendants have not willfully failed to pay employees any wages and/or other monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

8. Defendants have not willfully failed to pay any employees any wages and/or other monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

9. Neither Plaintiff nor any similarly situated employee are entitled to an award of prejudgment interest if they prevail on any or all of the stated claims in the Complaint.

10. Defendants are entitled to offset any and all damage amounts recovered by Plaintiff by an amount equal to any overpayment of wages or compensation.

11. Defendants reserve the right to plead additional defenses should the grounds for those defenses become apparent during the litigation of this case.

Dated: January 25, 2024

Respectfully submitted,

MAYNARD NEXSON, PC

By: *Lisa Alcantar*

Lisa P. Alcantar
lalcantar@maynardnexsen.com
Texas State Bar. No. 24069284

7373 Broadway, Suite 401 #1 & 2
San Antonio, Texas 78209
(512) 969-6558 Telephone
(512) 359-7996 Facsimile

ATTORNEYS FOR DEFENDANTS
TANYA BENAVIDES, EFREN ANTONIO
MORENO II, AND BLUSH BRUNCH,
LLC

## CERTIFICATE OF SERVICE

I certify that, on January 25, 2024, this document was filed and served through the CM/ECF system, which provided notice to Plaintiff's counsel of record.

*Lisa Alcantar*

Lisa P. Alcantar