**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALEEYA PEREDIA, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILARLY SITUATED, | §<br>§<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | CASE NO. 5:23-cv-1327-XR |
| v. | § | |
| TANYA BENAVIDES, EFREN ANTONIO MORENO II, AND BLUSH BRUNCH, LLC, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | | |

**JOINT RULE 26(f) CONFERENCE REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Court's Order dated January 26, 2024, Plaintiff

Aleeya Pereida ("Plaintiff") and Defendants Tanya Benavides, Efren Antonio Moreno II, and

Blush Brunch, LLC ("Defendants"), (Plaintiff and Defendants are collectively referred to herein

as the "Parties"), hereby submit this Joint Rule 26(f) Conference Report:

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

There are no outstanding jurisdictional issues in this case that the parties are aware of at this time. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this suit arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b).

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**
No.

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff claims that Defendants did not meet the requirements for taking the tip credit under the FLSA as they did not provide their tipped employees with the necessary notice required for use of the tip credit, and forced Plaintiff and her co-workers to participate in an illegal tip pool.

Defendants claim the tip credit was correctly applied with notice to tipped employees. The tip pool did not

distribute any funds to management or owners. Defendants deny retaining any portion of Plaintiff's tips. Defendants further assert  no overtime is or was due Plaintiff because Plaintiff has been paid for all hours worked. Defendants further show, its actions were in good faith, and Defendants had reasonable grounds for believing it actions were not a violation of the Fair Labor Standards Act, 29 U.S.C., § 260. *Barcellona v. Tiffany English Pub., Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). Defendant Benavides also asserts she is not an employer under the FLSA.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties have agreed to exchange initial disclosures pursuant to F.R.C.P. 26(a)(1) by April 1, 2024.

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiff's statement:** Before significant merits discovery, the parties have agreed to engage in discovery related to the existence of similarly situated workers who should receive notice of this lawsuit so that they can choose to proceed collectively in this case.

**Defendant's statement:** Defendants anticipates discovery will be needed on Plaintiff's notice of the tip credit, the structure of the tip pool, Plaintiff's duties and any documents, reflecting their duties, their hours worked, Plaintiff's pay, employees' participation in tip pool and their duties, and which Defendants constitute employers under the FLSA.

C. **Any issues related to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

The disclosure or discovery of electronically stored information is not anticipated to be an issue in this case. To the extent that disclosure or discovery of such information becomes an issue, the Parties will meet to confer over the proper handling of the same.

D. **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

Each party intends to review its documents for privileged information prior to production. Documents

withheld, or redactions from documents produced, on privilege grounds will be identified in a privilege log. The Parties agree that claims of privilege or of protection as trial preparation material, including procedures to assert these claims after production, should be governed by Rule 26(b)(5).

       **E.   Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

None at this time.

       **F.    Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

None, other than the need for the Court to enter a Scheduling Order.

     6.   **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has occurred. The parties have agreed to conduct discovery in phases, with the first phase limited to issues relating to whether a collective action is appropriate in this matter.

     7.   **What, if any, discovery disputes exist?**

No discovery disputes are anticipated at this time.

     8.   **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties agree that claims of privilege or of protection as trial preparation material, including procedures to assert these claims after production, should be governed by Rule 26(b)(5). The Parties agree generally to a claw back provision related to inadvertent production of privileged documents.

     9.   **Have the parties discussed mediation?**

Not at this time.

Respectfully Submitted,

| | |
|---|---|
| */s/Josef Buenker* | /s/ *Lisa Alcantar* |
| Josef F. Buenker | Lisa P. Alcantar |
| State Bar No. 03316860 | State Bar No. 24069284 |
| jbuenker@buenkerlaw.com | lalcantar@maynardnexsen.com |
| **The Buenker Law Firm** | **MAYNARD NEXSEN, P.C.** |
| P.O. Box 10099 | 7373 N. Broadway St., Suite 403, Office 1 |
| Houston, Texas 77206 | San Antonio, Texas 78209 |
| Phone: (713) 868-3388 | Telephone: (512) 989-6558 |
| Facsimile: (713) 683-9940 | |
| | ***ATTORNEY FOR DEFENDANTS*** |

Douglas B. Welmaker
State Bar No. 00788641
doug@welmakerlaw.com
**Welmaker Law, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048

*ATTORNEY FOR PLAINTIFF*