# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEEYA PEREDIA, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | CASE NO. 5:23-cv-1327-XR |
| v. | § § | |
| TANYA BENAVIDES, EFREN ANTONIO MORENO II, AND BLUSH BRUNCH, LLC, | § § § § | |
| Defendants. | § | |

## <u>AGREED SCHEDULING RECOMMENDATIONS</u>

Plaintiff Aleeya Pereida ("Plaintiff") and Defendants Tanya Benavides, Efren Antonio Moreno II, and Blush Brunch, LLC ("Defendants"), (Plaintiff and Defendants are collectively referred to herein as the "Parties") recommend that the following deadlines be entered in the scheduling order to control the course of this case:

Plaintiff filed this case as a collective action under the Fair Labor Standards Act ("FLSA"). Defendants intend to oppose Plaintiff's request that notice issue in this case.   As such, the Parties jointly recommend that the following deadlines be entered in a preliminary scheduling order, which shall control discovery concerning whether it is appropriate for notice to issue in this matter, with the Court's standard scheduling order to be entered once issues regarding notice have been determined.

These recommendations are made in light of the Fifth Circuit's decision in *Swales v. KLLM Transp. Servs, L.L.C.*, which held that, when managing a putative FLSA collective action, "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated' . . . [a]nd then it

should authorize preliminary discovery accordingly."  895 F.3d 430, 441 (5th Cir. 2021).

The Parties believe that future scheduling deadlines will be determined in large part by pre-notice discovery, as well as briefing concerning the appropriateness of granting Plaintiff's Motion for Notice.  Accordingly,  the  Parties  believe  that   the  most  efficient manner  to proceed would be to attend to class issues initially (Phase I discovery) and then to submit additional scheduling recommendations once class issues have been resolved (Phase II).

In that regard, the Parties propose that Phase I discovery, limited to the appropriateness of notice issuing in this matter, last 90 days from the date of the Court's entry of the corresponding scheduling order.

The Parties further propose that Plaintiff's Motion for Notice be filed within 120 days from the date of the Court's entry of the corresponding scheduling order, with Defendants' Response due 21 days after the date of Plaintiff's Motion for Notice, and Plaintiff's Reply due 7 days after the date of Defendants' Response.

Therefore, the Parties respectfully request that the Court require that the Parties submit additional joint proposed scheduling recommendations, including deadlines for the items in the Court's form scheduling order, not later than 15 days after either (1) the close of the class notice period, if any, or (2) the date the Court denies Plaintiff's Motion for Notice.

Respectfully Submitted,


/s/*Josef Buenker*
Josef F. Buenker
State Bar No. 03316860
jbuenker@buenkerlaw.com
**The Buenker Law Firm**
P.O. Box 10099
Houston, Texas 77206
Phone: (713) 868-3388
Facsimile: (713) 683-9940

Douglas B. Welmaker
State Bar No. 00788641
doug@welmakerlaw.com
**Welmaker Law, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048


***ATTORNEY FOR PLAINTIFF***

/s/ *Lisa Alcantar*
Lisa P. Alcantar
State Bar No. 24069284
lalcantar@maynardnexsen.com
**MAYNARD NEXSEN, P.C.**
7373 N. Broadway St., Suite 403, Office 1
San Antonio, Texas 78209
Telephone: (512) 989-6558

***ATTORNEY FOR DEFENDANTS***